IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Representative Ted Lieu, et al.,** | )<br>)<br>) |
| *Plaintiffs*, | ) Civil Action No. 1:16-cv-02201 |
| v. | ) |
| **Federal Election Commission,** | ) |
| *Defendant*. | ) |

**PLAINTIFFS' MOTION TO LIST
NON-RESIDENTIAL ADDRESSES IN COMPLAINT CAPTION**

Plaintiffs Representative Ted Lieu, Representative Walter Jones, and Zephyr Teachout (the "Moving Plaintiffs") hereby respectfully request permission from the Court to be excused from the residential address requirement of Local Civil Rules 5.1 and 11.1 of the Rules of the United States District Court for the District of Columbia and to be permitted instead to list alternate addresses in the case caption to the Complaint. The Moving Plaintiffs include two members of the United States House of Representatives and a candidate for Congress.

The purpose of Local Rules 5.1 and 11.1 is to "facilitate service of process and effective communication between the parties." *Yaman v. United States Dep't of State*, 786 F. Supp. 2d 148, 153 n.2 (D.D.C. 2011). Courts are inclined to protect a plaintiff's information from the public if "the plaintiff's interest in anonymity outweighs 'the public interest in disclosure and any prejudice to defendant.'" *Id.* at 152. Where an action is brought against a government entity rather than a private party," this Court is more likely to excuse a plaintiff from the requirements

of Local Rules 5.1 and 11.1.  *Id.* at 153.  For at least the reasons set forth below, the Moving Plaintiffs' interest in privacy outweighs any countervailing public interest in having their residential addresses disclosed, and granting this motion will result in no prejudice to defendant the Federal Election Commission (the "FEC").

First, the relief sought in this motion will not undermine the notice functions of Local Rules 5.1 and 11.1.  The Moving Plaintiffs regularly receive mail at the addresses they have listed in the complaint's caption, and moreover, the Moving Plaintiffs will receive notice of any proceedings in this action via their undersigned counsel.

Second, because this action is brought against a federal government agency pursuant to 52 U.S.C. § 30109(a)(8), the Moving Plaintiffs need not establish jurisdiction through diversity of citizenship.  Thus, the Moving Plaintiffs' residential addresses are immaterial to the Court's jurisdictional inquiry in this action.

Third, defendant FEC will not be prejudiced in any way by the Moving Plaintiffs listing alternative addresses in the complaint.  *See Yaman*, 786 F. Supp. at 154 (finding that "the State Department . . . would not be unfairly prejudiced by an order allowing plaintiff to file her address under seal and *ex parte*.").  The Moving Plaintiffs can be contacted through their undersigned counsel and the FEC need not know their residential addresses in order to respond to this complaint.

Fourth, Representative Lieu and Representative Jones are participating in this matter in their official capacities.  This Court previously has entertained complaints by Members of the United States House of Representatives using their official addresses in congressional office buildings.  *See, e.g., Shays v. FEC,* Complaint [ECF No. 1], No. 02-cv-01984 (D.D.C. Oct. 8, 2002) (complaint caption reciting plaintiff Members' addresses in Longworth Office Building

and Rayburn House Office Building accepted by court); *Kucinich v. Obama*, Complaint [ECF No. 1], No. 11-cv-01096 (D.D.C. June 15, 2011) (same).

Fifth, as a candidate for public office in a hotly contested race who has avoided publicizing her residential address, Ms. Teachout is concerned that disclosing that address in this action could subject her and her family to undue harassment. (*See* Decl. of R. Fein, ¶¶ 2-3, 5.) Although previous addresses of Ms. Teachout can be located through Google searches, those searches do not reveal her current residential address. (*See id*, ¶ 4.)

Finally, this Court has granted similar motions to list an alternative address in the complaint, including a motion by a political figure brought to protect his residential address from public disclosure. In *Paul v. Obama*, Senator Rand Paul sought to be excused from the residential address requirement of Local Rules 5.1 and 11.1 because he was "a public figure" and "disseminating [his] residential address via a publicly-filed complaint would needlessly impinge upon his personal privacy." *See* Motion at 2 [ECF No. 1], No. 1:14-cv-00262 (D.D.C. Feb. 18, 2014). This Court, therefore, allowed Senator Paul to list a P.O. box in the case caption of his complaint in lieu of Senator Paul's residential address. *See* Order [ECF No. 2], No. 1:14-cv-00262 (D.D.C. Feb. 18, 2014). This Court has held similarly in other cases. *See Sai v. Transportation Security Administration*, Order [ECF No. 4] (D.D.C. Mar. 13, 2014) (granting motion to list P.O. box on complaint); *Yaman*, 786 F. Supp.2d 148 (granting motion to list alternative address in complaint).

For the reasons set forth above, Plaintiffs respectfully request that the Court grant them permission to list the non-residential addresses currently listed on the Complaint.

Dated:  November 4, 2016					Respectfully submitted,

							/s/ Stephen A. Weisbrod
							Stephen A. Weisbrod (D.C. Bar No. 439152)
							**WEISBROD MATTEIS & COPLEY PLLC**
							1200 New Hampshire Ave., NW, Suite 600
							Washington, DC 20036
							Email: sweisbrod@wmclaw.com
							Telephone:  (202) 499-7900
							Facsimile:  (202) 478-1795

							*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Stephen A. Weisbrod, certify that on November 4, 2016, I caused a true and accurate copy of the foregoing to be served on the following recipients via certified mail:

Federal Election Commission
999 E Street, NW
Washington DC 20463

Loretta E. Lynch
Attorney General for the United States
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Channing D. Phillips
c/o Civil Process Clerk
United States Attorney for the District of Columbia
Judiciary Center Building
555 4th Street NW
Washington, D.C. 20530

Dated:  November 4, 2016             /s/ Stephen A. Weisbrod_____
                                     Stephen A. Weisbrod