**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| REPRESENTATIVE TED LIEU, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 16-2201 (EGS) |
| | ) | |
| v. | ) | |
| | ) | |
| FEDERAL ELECTION COMMISSION, | ) | JOINT REPORT |
| | ) | |
| Defendant. | ) | |

**JOINT SCHEDULING REPORT**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Civil Rule 16.3, and this Court's Order dated January 23, 2017 (Docket No. 13), the parties conferred on February 8, 2017, and subsequently by phone and email, and they hereby submit their joint scheduling report and their respective proposed scheduling orders.

**I.      Brief Statement of the Case**

Plaintiffs Representative Ted Lieu, Representative Walter Jones, Senator Jeff Merkley, State Senator (Ret.) John Howe, Zephyr Teachout, and Michael Wager seek judicial review, pursuant to 52 U.S.C. § 30109(a)(8) and 5 U.S.C. § 706(1), of what they allege to be a failure to act on plaintiffs' administrative complaint, which was filed with defendant Federal Election Commission ("FEC" or "Commission") on July 7, 2016.

II.     **Local Civil Rule 16.3(c) Issues**

      **1.     Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

The parties agree that this case is likely to be resolved by cross-motions for summary judgment.

      **2.     The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties do not anticipate any need to join additional parties.  The parties disagree regarding amendment of pleadings.

**Plaintiffs' Statement:**  Plaintiffs contend that, if the Commission issues an adverse final decision on plaintiffs' pending administrative complaint while this action is pending, plaintiffs should be permitted to amend or supplement their complaint to seek substantive review of that decision.  Plaintiffs believe that this approach would substantially advance judicial economy.

**Commission's Statement:**  The Commission's position is that if the agency takes final action on plaintiffs' administrative complaint before a judicial decision in this case, the case will be moot.  If plaintiffs wish to seek judicial review of a dismissal of their administrative complaint, they must file a new court complaint.

      **3.     Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The parties do not believe the case should be assigned to a magistrate judge.

      **4.     Whether there is a realistic possibility of settling the case.**

The parties agree that there is no realistic possibility of settling the case.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).**

The parties agree that this case would not benefit from ADR.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties believe that the case can be resolved by dispositive motions. The parties propose the following schedule and page limits for summary judgment motions:

- No later than 45 days after the close of discovery, plaintiffs shall file their motion for summary judgment [45 pages];

- No later than 30 days after plaintiffs file their motion, the FEC shall file its combined cross-motion for summary judgment and opposition to plaintiffs' motion [50 pages];

- No later than 30 days after the FEC files its cross-motion, plaintiffs shall file their combined reply in support of their motion and opposition to the FEC's cross-motion [45 pages]; and

- No later than 21 days after the plaintiffs file their combined reply and opposition, the FEC shall file its reply in support of its cross-motion [40 pages].

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that Rule 26(a)(1) disclosures are not necessary before the FEC serves a sworn declaration with a detailed chronology and the parties provide responses to interrogatories during the limited initial discovery period described below. Plaintiffs, however, reserve their right to seek Rule 26(a)(1) initial disclosures in any further detailed

discovery plan after that initial discovery.  The FEC contends that Rule 26(a)(1) initial disclosures are not warranted.

> **8.** **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties believe that entry of a protective order may be necessary to govern the handling of information subject to the confidentiality requirement of 52 U.S.C. § 30109(a)(12) before the disclosure of any such information.  On February 28, 2017, the Commission circulated to plaintiffs a draft protective order.  The parties will attempt to negotiate terms and intend to file a proposed protective order or a joint status report regarding those negotiations within 14 days after the filing of this joint report.

The parties propose the following discovery plan:

- No later than 30 days after the Court's entry of the protective order in this case, the Commission shall file a sworn declaration with a detailed chronology containing factual information about its actions in the underlying administrative proceeding.

- No later than 30 days after the Commission files the sworn declaration, plaintiffs (collectively) and defendant may each serve no more than twenty interrogatories on other parties.  The timing for filing objections and responses to those interrogatories shall be governed by the Federal Rules of Civil Procedure.  The parties do not hereby waive their right to object to the permissibility of any particular interrogatory.  The parties also do not waive

their right to request permission to serve additional interrogatories in any request for additional discovery described immediately below.

- No later than 30 days after all parties have responded to all outstanding interrogatories, any party that wishes to take discovery beyond that described immediately above shall seek the Court's leave by filing a proposed discovery plan justifying the additional discovery sought. A party opposing any request for additional discovery shall file a response to any such request within 21 days of the filing of a request for additional discovery.

**9.      Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed. R. Civ. P., should be modified, and whether and when depositions of experts should occur.**

The parties disagree regarding expert witnesses. Plaintiffs believe that it is premature to foreclose the right to rely on expert testimony at this time and that the parties should be permitted to request the exchange of expert reports pursuant to Rule 26(a)(2) in any request for additional discovery after the parties have answered initial interrogatories.

The Commission does not believe there is a need for experts regarding any aspect of this case, and the Commission believes that plaintiffs have not articulated any basis for such testimony.

**10.      In class actions, appropriate procedures for dealing with Rule 23, Fed. R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

This is not a class action.

**11.      Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties believe there is no need for bifurcation of trial or discovery.

12.     **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

The parties disagree regarding the need to schedule a pretrial conference.  Plaintiffs believe that any request for a pretrial conference date can be made in conjunction with any request for additional discovery filed after the parties have answered initial interrogatories. The Commission believes that a pretrial conference does not need to be scheduled because the case is likely to be resolved by dispositive motions.

13.     **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties disagree regarding the need to schedule a firm trial date.  Plaintiffs believe that any request for a firm trial date can be made in conjunction with any request for additional discovery filed after the parties have answered initial interrogatories or at another appropriate time.

The Commission believes that the Court should not set a firm trial date because the case is likely to be resolved by dispositive motions, and rather the Court should provide that a trial date will be set at any pretrial conference in the unlikely event that one is necessary.

14.     **Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties do not have any other scheduling issues to propose at this time.

Respectfully submitted,

/s/ Stephen A. Weisbrod
Stephen A. Weisbrod (D.C. Bar No. 439152)
WEISBROD MATTEIS & COPLEY PLLC
1200 New Hampshire Ave., NW, Suite 600
Washington, DC 20036
(202) 499-7900
sweisbrod@wmclaw.com

Brad Deutsch (D.C. Bar No. 469636)
GARVEY SCHUBERT BARER
Flour Mill Building
1000 Potomac Street NW, Suite 200
Washington, DC 20007-3501
(202) 965-7880
BDeutsch@gsblaw.com

Malcolm Seymour Andrew Goodman
GARVEY SCHUBERT BARER
100 Wall Street, 20th Floor
New York, NY 10005
(212) 431-8700
mseymour@gsblaw.com
agoodman@gsblaw.com

Ronald A. Fein (*pro hac vice*)
John C. Bonifaz
FREE SPEECH FOR PEOPLE
1340 Centre St. #209
Newton, MA 02459
(617) 244-0234
rfein@freespeechforpeople.org

Anne Weismann (D.C. Bar No. 298190)
6117 Durbin Road
Bethesda, MD 20817
(301) 229-3746
weismann.anne@gmail.com

Albert W. Alschuler
*Of Counsel*
220 Tuttle Road
Cumberland, ME 04021
(207) 829-3963

Lisa J. Stevenson (D.C. Bar No. 457628)
Acting General Counsel
lstevenson@fec.gov

Kevin Deeley
Associate General Counsel
kdeeley@fec.gov

Harry J. Summers
Assistant General Counsel
hsummers@fec.gov

/s/ Sana Chaudhry
Sana Chaudhry
Attorney
schaudhry@fec.gov

COUNSEL FOR DEFENDANT
FEDERAL ELECTION COMMISSION
999 E Street, N.W.
Washington, DC 20463
(202) 694-1650

Richard Painter
*Of Counsel*
Mondale Hall, Office 318
University of Minnesota Law School*
229 19th Avenue South
Minneapolis, MN 55455
(612) 626-9707

Laurence H. Tribe (*pro hac vice*)
*Of Counsel*
Hauser Hall 420
Harvard University*
Cambridge, MA 02138
(617) 495-1767

Ambassador (ret.) Norman Eisen (D.C. Bar No. 435051)
*Of Counsel*
2022 Columbia Rd. NW, #214
Washington, DC 20009
(202) 462-2903

*Counsel for Plaintiffs*

*University affiliation noted for identification purposes only.

Dated: February 28, 2017