UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| REPRESENTATIVE TED LIEU, *et al.*, | ) | |
| Plaintiffs, | ) | Civ. No. 16-2201 (EGS) |
| v. | ) | |
| FEDERAL ELECTION COMMISSION, | ) | MOTION FOR PROTECTIVE ORDER |
| Defendant. | ) | |

## FEDERAL ELECTION COMMISSION'S
## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Federal Election Commission ("Commission" or "FEC") respectfully requests entry of the attached proposed protective order to govern the treatment of confidential information related to an ongoing administrative enforcement matter before the Commission. Pursuant to Local Civil Rule 7(m), counsel for the Commission has conferred with counsel for plaintiffs. Plaintiffs do not oppose entry of the proposed order.

## BACKGROUND

Plaintiffs brought this action pursuant to 52 U.S.C. § 30109(a)(8)(A) and 5 U.S.C. § 706(1) seeking declaratory and injunctive relief for what they allege to be a failure by the Commission to act on plaintiffs' administrative complaint, which they filed with the Commission on July 7, 2016. Plaintiffs' lawsuit places at issue the Commission's actions concerning the underlying administrative enforcement matter. Plaintiffs and the Commission agree that this litigation will require the Commission to disclose information in its possession that, pursuant to

52 U.S.C. § 30109(a)(12)(A) and 11 C.F.R. § 111.21, may not be made public without the consent of the respondents to the underlying administrative matter.

The Federal Election Campaign Act ("FECA" or "Act") requires administrative enforcement matters to be kept confidential until the administrative process is complete.  52 U.S.C. § 30109(a)(12)(A) ("Any notification or investigation made under this section shall not be made public by the Commission or by any person without the written consent of the person receiving such notification or the person with respect to whom such investigation is made."); 11 C.F.R. § 111.21 (2014); *see also, e.g.*, *In re Sealed Case*, 237 F.3d 657, 666-67 (D.C. Cir. 2001) ("We hold that both [52 U.S.C. § 30109](a)(12)(A) and 11 C.F.R. § 111.21(a) plainly prohibit the FEC from disclosing information concerning ongoing investigations under any circumstances without the written consent of the subject of the investigation.").  The purpose of the confidentiality provision is "to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation."  *Id*. (citations omitted).  FECA also provides that "[a]ny member or employee of the Commission, or any other person, who violates the provisions of [52 U.S.C. § 30109(a)(12)(A)] shall be fined not more than $2,000.  Any such member, employee, or other person who knowingly and willfully violates the provisions of [52 U.S.C. § 30109(a)(12)(A)] shall be fined not more than $5,000."  52 U.S.C. § 30109(a)(12)(B).

## ARGUMENT

To defend this action, it will be necessary for the Commission to provide to the Court and plaintiffs information about any actions taken by the Commission with respect to plaintiffs' administrative complaint.  The Commission's sworn declaration and detailed chronology, which is part of the parties' proposed schedule in this case (Docket No. 14), will contain such disclosures.  Limited disclosures may also be necessary in connection with the FEC's responses

to plaintiffs' interrogatories and the parties' cross-motions for summary judgment. Because the FEC has not received written consent waiving confidentiality from any respondent in the underlying administrative matter, public disclosure of the status of that administrative matter would violate the Act's confidentiality provision. 52 U.S.C. § 30109(a)(12)(A).

In these circumstances, the need to comply with the statutory confidentiality requirement and the Commission's interest in the confidentiality of its enforcement proceedings outweigh the general presumption in favor of public access to judicial proceedings. The Commission's proposed protective order providing for the filing of documents under seal is necessary to permit the Commission to defend this action without publicly disclosing confidential information. Importantly, the proposed protective order will not permanently deprive the public of access to these proceedings to the extent they concern the underlying administrative matter. Because application of section 30109(a)(12) is limited to the period during which enforcement proceedings are in progress, and because the Commission is also required to make public the results of its investigations when they are finished, 52 U.S.C. § 30109(a)(4)(B)(ii), the FEC's proposed order is temporally limited and includes a provision for the unsealing of materials that subsequently become non-confidential.

Similar protective orders have been entered, and later dissolved when appropriate, in cases brought pursuant to 52 U.S.C. § 30109(a)(8) that concerned ongoing administrative enforcement matters. *See, e.g.*, *Citizens for Responsibility & Ethics in Washington, et al. v. FEC*, No. 14-1419, Docket No. 63 (D.D.C. Dec. 12, 2016) (protective order governing treatment of confidential material pertaining to administrative matter on remand); *Kean for Congress Comm. v. FEC*, No. 04-007, Docket No. 42 (D.D.C. Apr. 12, 2005) (protective order setting forth procedures for handling confidential material pertaining to administrative matter on remand); *All.*

*for Democracy v. FEC*, No. 02-527 EGS, Docket No. 19 (D.D.C. Oct. 18, 2002) (order granting in part motion for entry of a protective order in an administrative delay case); *id.*, Docket No. 58 (D.D.C. Jan 15, 2004) (order unsealing documents no longer subject to the confidentiality requirements of the protective order); *Democratic Senatorial Campaign Comm. v. FEC*, No. 95-0349, Docket No. 7 (D.D.C. May 26, 1995) (stipulation and protective order setting forth procedures for handling confidential material); *Common Cause v. FEC*, No. 87-2224, Docket No. 4 (D.D.C. Oct. 2, 1987) (order setting forth instructions for filing documents under seal pertaining to administrative matter); *id.*, Docket No. 33 (D.D.C. Jan 11, 1989) (order granting motion to dissolve protective order); *Furgatch v. FEC*, No. 87-0798, Docket No. 8 (D.D.C. June 25, 1987) (order directing plaintiff's counsel not to disclose information released by defendant); *id.*, Docket No. 36 (D.D.C. Feb. 3, 1989) (order granting motion to dissolve protective order).

## CONCLUSION

For the foregoing reasons, the Court should enter the proposed Protective Order attached to this Motion.

Respectfully submitted,

| | |
|---|---|
| Lisa J. Stevenson (D.C. Bar No. 457628) | Harry J. Summers |
| Acting General Counsel | Assistant General Counsel |
| lstevenson@fec.gov | hsummers@fec.gov |
| | |
| Kevin Deeley | */s/ Sana Chaudhry* |
| Associate General Counsel | Sana Chaudhry |
| kdeeley@fec.gov | Attorney |
| | schaudhry@fec.gov |
| | |
| March 14, 2017 | COUNSEL FOR DEFENDANT |
| | FEDERAL ELECTION COMMISSION |
| | 999 E Street, N.W. |
| | Washington, DC 20463 |
| | (202) 694-1650 |