**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| REPRESENTATIVE TED LIEU, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | Civ. No. 16-2201 (EGS) |
| ) | |
| v. ) | |
| ) | |
| FEDERAL ELECTION COMMISSION, ) | [PROPOSED] PROTECTIVE ORDER |
| ) | |
| Defendant. ) | |

**[PROPOSED] PROTECTIVE ORDER**

This action, brought by plaintiffs Representative Ted Lieu, Representative Walter Jones, Senator Jeff Merkley, State Senator (Ret.) John Howe, Zephyr Teachout, and Michael Wager ("Plaintiffs"), pursuant to 52 U.S.C. § 30109(a)(8) and 5 U.S.C. § 706(1), seeks declaratory and injunctive relief in connection with an administrative complaint that Plaintiffs filed with defendant Federal Election Commission ("FEC" or "Commission") on July 7, 2016.

The Commission may be required to disclose information in its possession in this action that, pursuant to 52 U.S.C. § 30109(a)(12)(A), may not be made public by the Commission without the written consent of respondents in the underlying administrative matter.  No such consent has been received by the Commission.

By the terms of this Order, the Commission does not waive any objections to disclosure of documents or information regarding the administrative matter in this or any subsequent litigation.

NOW, THEREFORE, IT IS HEREBY ORDERED as follows:

1. The Commission and its counsel of record may provide information regarding the

administrative matter at issue that is subject to 52 U.S.C. § 30109(a)(12)(A) ("30109(a)(12)(A) Material") to Plaintiffs and the Court in connection with this litigation, but Plaintiffs may disclose and use such material only as provided herein.

2. The Commission will place the legend "CONFIDENTIAL 30109(a)(12)(A) MATERIAL" or its substantive equivalent on the front of any 30109(a)(12)(A) Material prior to providing it in accordance with the terms of this Protective Order. Any 30109(a)(12)(A) Material filed in the Court by the Commission will be redacted from any public filing and any Court filings containing unredacted 30109(a)(12)(A) Material will be filed under seal.

3. Material designated as 30109(a)(12)(A) Material by the Commission or by operation of this Protective Order, the information contained therein, and any summaries, copies, abstracts or other documents derived in whole or part from 30109(a)(12)(A) Material, shall be held in confidence and may be disclosed by Plaintiffs only in connection with this litigation pursuant to the procedures set forth in Paragraphs 4-6 below or pursuant to the order of a court of competent jurisdiction.

4. Plaintiffs may disclose 30109(a)(12)(A) Material only to the following:

   (a) counsel for Plaintiffs in this action (including staff employed by such counsel);

   (b) witnesses in this action (if any);

   (c) court reporters employed in this action;

   (d) experts and consultants (including their staff) retained by Plaintiffs to assist in the prosecution or settlement of this action;

   (e) litigation support vendors (including their staff) retained by Plaintiffs to provide litigation support services in connection with this action such as copying and discovery processing;

   (f) any other person on which the parties agree in writing, or on the record of any proceeding in this action.

5. Prior to or at the time of receiving any 30109(a)(12)(A) Material, any person identified in Paragraphs 4(b)-(f) above must be provided a copy of this Protective Order and shall acknowledge and agree in writing to be bound by the terms of this Protective Order. Plaintiffs' counsel in this action shall retain copies of such written agreements.

6. If Plaintiffs submit 30109(a)(12)(A) Material to the Court, Plaintiffs must redact such 30109(a)(12)(A) Material from any public filing and file any unredacted 30109(a)(12)(A) Material under seal.

7. Material designated in this action as 30109(a)(12)(A) Material shall be used by Plaintiffs and their counsel only for the purpose of this litigation and for no other purpose. Neither counsel for Plaintiffs, nor staff for their counsel, nor anyone else with whom Plaintiffs are permitted to share the confidential information pursuant to this Protective Order may use the information for any other purpose, unless the information is obtained independently in a lawful manner.

8. Plaintiffs and all persons receiving 30109(a)(12)(A) Material pursuant to this Protective Order shall keep 30109(a)(12)(A) Material confidential consistent with this Protective Order.  All persons reviewing this Protective Order are on notice that the Federal Election Campaign Act provides that "[a]ny member or employee of the Commission, or any other person, who violates the provisions of [52 U.S.C. § 30109(a)(12)(A)] shall be fined not more than $2,000.  Any such member, employee, or other person who knowingly and willfully violates the provisions of [52 U.S.C. § 30109(a)(12)(A)] shall be fined not more than $5,000." 52 U.S.C. § 30109(a)(12)(B).

9. Plaintiffs retain the right to challenge the Commission's designation of any material as 30109(a)(12)(A) Material when Plaintiffs contend that such material is in fact not

within the scope of 52 U.S.C. § 30109(a)(12)(A).  In the event that Plaintiffs disagree with the designation of any material as 30109(a)(12)(A) Material, then Plaintiffs and the Commission shall try to resolve that disagreement, in good faith, on an informal basis.  If that disagreement still cannot be resolved, either of those parties may seek appropriate relief from the Court.  Any material designated by the Commission as 30109(a)(12)(A) Material will remain subject to this Protective Order until the Court rules on the challenge.  An initial failure by Plaintiffs to challenge the Commission's designation of any material as 30109(a)(12)(A) Material shall not preclude Plaintiffs from subsequently challenging that designation.

10. This Protective Order shall survive the final termination of this action and shall only expire when the confidentiality requirement of 52 U.S.C. § 30109(a)(12) ceases to apply to any 30109(a)(12)(A) Material filed under seal.  Upon expiration, the Commission and Plaintiffs will meet and confer regarding the confidentiality of filed documents and, if appropriate, provide notice to the Court regarding materials that are no longer required by section 30109(a)(12) to be maintained under seal, and/or a joint report setting forth their views in the event of any disagreement about the confidentiality status of any documents.  Nothing in this paragraph shall be construed to waive any party's right to assert any other privileges applicable to such 30109(a)(12)(A) Material.

11. This Court shall retain jurisdiction to resolve any dispute concerning this Protective Order or concerning any material potentially subject to it.

12. Any party may petition this Court to amend the confidentiality provisions of this Protective Order if good cause is shown.

IT IS SO ORDERED.

_____   _____

Date                                    Hon. Emmet G. Sullivan

United States District Judge

I, _____, acknowledge and declare under penalty of perjury that I have read the foregoing Protective Order.  I agree to be bound by its terms.

_____   _____

Date                                    Person Receiving Confidential

30109(a)(12)(A) Material